**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Neil Adams McGinnis, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Warden Mr. James Slayer,[1] et al., | ) | |
| | ) | Case No. 1:23-cv-018 |
| Respondents. | ) | |

The Court has referred a petition for habeas corpus relief filed by Petitioner Neil Adams McGinnis ("McGinnis") to the magistrate judge for initial review. For the reasons that follow, I recommend that McGinnis's habeas petition be dismissed without prejudice pursuant to Rule 4 of the Rules of the Rules Governing § 2254 Cases.

## I.    BACKGROUND

McGinnis is an inmate at the North Dakota State Penitentiary ("NDSP"). He initiated the above-captioned action pro se and in forma pauperis on January 23, 2023, with the submission of a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. Nos. 1, 2, 4). Challenging the state district court's revocation of his probation in two state cases, Case Nos. 08-2016-CR-01827 and 08-2017-CR-0072, and taking issue with the conditions of his present confinement, he asserted the following grounds for relief:

GROUND ONE: 14th, 5th, 8th, 13th Amendment violation(s) or being raped within my neurological system (veraciously, fairly writing)

Their lies that "there is no digital audiovisual tools of the trade to monitor me in my house" " we have no ESI here" is a lie that is extended to the state courts in not intending to respect federally protected rights that even under common sense.

---

[1] The Court can take judicial notice that the correct spelling of the Warden's last name is "Sayler."

Ineffective assistance of counsel happened, prosecutorial misconduct of a selective, vindictive, malicious prosecution happened. The abuse of discretion by Judge Hill happened. The Clerk of Courts misfeasance happened just as a write about, under a liberal construing.

* * *

GROUND TWO: 28 C.F.R. Part 115 Prison Rape Elimination Act. The dispute of NDSt 54-44.08-09. 2815.87 Data Collection; 43 CFR. 73.2250 Subliminal Perception

You tell me U.S. District Court. How does a highly sophisticated  tool trade that gamers, harvest data not exist when I politely discretely, respectfully, ask why sexual content, sexual contest is heard by every prisoner, every NDSP employee as a 3rd and 4th party chronological order narrative, Capt [illegible], Nurse Ashley, Dr. [illegible] rape babies, rape women, rape men, violently tormenting anyone filing a report of report of sexual assault, sexual harassment. This would be more than going to far are administrated retaliatory vindictiveness. Whey then does NDSP employee lie about no ESI or no telecommunicated tools of trade unless they violate protected federally protected rights, policies, laws, rules?

* * *

GROUND THREE: Chad Issac's life, Kelly _____ (a friends, friend who took his

life) due to the lies of the capabilities of the 'tools of the trade.'"

"We have no digital audiovisual technologies to observe you, monitor you in your house" is a voice recognized data recording of every NDSP employee and local public defenders I raised in my disputes filed to local state courts. Lies don't resolve disputes, grievances, questions at when veraciously and fairly presented by Petitioner/ Plaintiff. This national security interests are protected by liars & cheats. Respectfully as I may when does this lie stop?  A custodial interrogation masqueraded under a shift by shift different employee [illegible] of conspiracy theorist. Misuse this entrusted authority administratively empowered to them by an employer.

* * *

GROUND FOUR: 8 filed motions to compel arbitration and/or mediation and the "checklist" of Clerk of Court

#1: Requesting they decide which one was proper for my disputes that includes being liberally construed, as I have with all motions, legal writings - EVIDENCE is ESI

2

> they say doesn't exist verses my paper trail showing clerk of courts false information after they instructed me, who to file to, how to file with this templated (2) If I am a mentally disabled residence of Bismarck which even one reads in case laws and documents for NDDOCR & ND St. Hops. why lie about obvious dispute of not having eSI?  Why lie about not having digital audiovisual tools thus creating a dispute?  respectfully written Their lies have now permitted Warden Slayer and NDDOCR Colby Braun (I believe local judiciary) to falsely write me up while being "I" factor then falsely classify me this is to keep me ("hostage") when they "absolute control" (jurisdiction) to control all my litigation and disputes.

(Doc. No. 2) (errors in original).  In his prayer for relief he requested to be released from custody. He also asserted  that Warden Sayler was "falsely classifying" him, extorting money from him, and otherwise intimidating him.   (Id.).

McGinnis attached the following to his habeas petition: a copy of an incident report from the NDSP that charged  him with misuse of medication and on which he had handwritten "charges" of his own against Warden Sayler and others; and twenty-seven pages of letters and questions for the Court's review and consideration. (Doc. Nos. 2-1 through 2-5).

This matter was directly assigned to the magistrate judge pending McGinnis's consent.  On January 27, 2022, this matter was reassigned to Judge Hovland when McGinnis filed notice that he did not consent to magistrate judge jurisdiction. (Doc. No. 5).  Attached to the notice was a five-page handwritten statement in which McGinnis discussed, among other things, 18 U.S.C § 3006A and its requirement that districts formulate and implement a "CJA Plan," a disciplinary action filed in 2012 against a former assistant state's attorney for withholding exculpatory evidence, surveillance technologies that he asserted have been and are being abused by state employees, custodial interrogations, Brady v. Maryland, and the First Amendment.   (Doc. No. 7).

On February 2, 2023, the undersigned issued an order directing McGinnis to either file an amended habeas petition or to show cause why his original petition should not be dismissed pursuant

to Rule 4 of the Rules Governing § 2254 petitions. (Doc. No. 8). In so doing, the undersigned noted: (1) a habeas petition was not vehicle through which McGinnis can litigate his claims regarding alleged extortion by the NDSP's Warden or the conditions of his confinement; (2) McGinnis had improperly named the North Dakota Department of Corrections and Rehabilitation ("NDDOCR"), Colby Braun, DW Frost, DW Fode, and the NDSP's Chief of Security as respondents; and (3) McGinnis's petition did not satisfy the requirements of Rule 2(c) of the Rules Governing Section 2254 Cases as it failed to state specific, particularized facts for each ground. (Id.).

On February 27, 2023, McGinnis filed a 218-page response to the order to show cause. (Doc. No. 9). The response contained: several handwritten narratives; copies of handwritten motions addressed to the state district court, the North Dakota Supreme Court, and the United States Supreme Court; orders and/or opinions issued by the state district court, the North Dakota Supreme Court, and the North Dakota Parole Board on which McGinnis had written comments; documentation from the NDSP regarding McGinnis's security classification and disciplinary proceedings on which McGinnis had written comments; copies of grievances filed by McGinnis with NDSP staff; copies of requests submitted by McGinnis to NDSP staff; and copies of McGinnis's correspondence with clerks' offices, the North Dakota Parole Board, and attorneys who had represented him at different stages of his state criminal proceedings. Not all of these documents were in sequence. Some were illegible.

On February 28, 2023, McGinnis filed a 16-page supplemental response (portions of which were illegible) to the order to show cause. (Doc. No. 10). In addition to requesting court-appointed counsel, he asserted: the prosecution failed to disclose Brady materials, i.e., electronically stored

4

information ("ESI") in their possession; his probation officer had committed perjury; the state court abused its discretion when revoking his probation; and NDSP staff has denied him access to the documents he had filed with this Court in an earlier action.[2]

On March 9, 2023, McGinnis filed a 13-page "supplemental affidavit" (portions of which were illegible) in which he requested: court-appointed counsel; leave to amend his petition to include as respondents the NDSP's deputy wardens in light of Warden Sayler's recent resignation; the "court to subpoena conditions of confinement and plaintiff's mental and physical well being and then make an independent, honest, genuine;" his release; an evidentiary hearing; and arbitration hearings.  (Doc. No. 11 at pp. 1, 7, 9, and 11 through13).  He also asserted:

- "Plaintiff is being raped in my neurological system of everything Plaintiff reacts to." (Id. at p. 2)  (errors in original).

- "Plaintiff is observed in his cell ("house").  Plaintiff is being judged, analyzed, audited, assessed within his subconscious (neurological system) . . . ."  (Id.) (errors in original).

- "On July 2, 2021, Plaintiff is no transcripts.  Probation officer committed perjury. Judge Hill exercised an abuse of discretion.  Prosecutors withheld exculpatory evidence.  Defense attorney rendered ineffective assistance of counsel." (Id. at p. 3) (errors in original).

- "Plaintiff believes his immediate speedy release is being interfered with, obstructed by local state judiciary authorities due to the biometric data, information systems dispute issue controversy which exculpatory evidence is being withheld." (Id. at pp. 5-6)  (errors in original).

- "#1 To refuse plaintiff [illegible] honest and fair decision making of falsely writing Plaintiff (documents supported by ESI). False classifications (documentation and ESI supports) to their absolute control over Plaintiffs federally protected right to gain access to courts, e.g. the United States District Court, the United States Supreme

---

[2]  At risk of stating the obvious, McGinnis could not have filed documents with the Court in the first instance if he did not have access to them.  As discussed further in this order, McGinnis has filed dozens of documents in response to the undersigned's order to show cause.  His ability to do so serves to undercut his assertions regarding inability to obtain or otherwise access documents.

Court." (<u>Id.</u> at p. 6)  (errors in original).

- "#2 E-filing date, breach forces a disadvantage for this prosecutors and prosecution team over plaintiff." (<u>Id.</u>)  (errors in original).

- 'The disputes, issues, controversies do involve ESI of 1121 South 11st St. Edwington Apartments, the perjured testimonies of drug treatment & the IPHone, Samsung phone, Cricket, Verizon, Straight Talk contracts of the data breach." (<u>Id.</u> at p. 7). (errors in original).

- "Tyler Henery perjured his testimonies that now has NDSP employees protecting one of their gang of "inevitables.'" (<u>Id.</u>)  (errors in original).

- The state court judge presiding over his revocation hearing "[took] disadvantage of in his exercises of an abuse of discretion of refusing to allow biometric date of exculpatory evidence to be admissible." (<u>Id.</u> at pp. 7-8)  (errors in original).

## II.    <u>DISCUSSION</u>

Rule 4 of the Rule Governing § 2254 Cases requires the Court to promptly examine a petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief."  Given that pro se petitioner's generally lack expertise, "courts should review habeas petitions with a lenient, eye, allowing borderline cases to proceed." <u>Williams v. Kullman</u>, 722 F.2d 1048, 1050 (2d Cir. 1983).  That being said,  if  the Court determines that the petitioner is not entitled to relief, it may summarily dismiss the petition. <u>McFarland v. Scott</u>, 512 U.S. 849, 85 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."); <u>see also</u> <u>Lonchar v. Thomas</u>, 517 U.S. 314, 320 (1996); <u>See</u> 28 U.S.C. § 2243 ("A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.").

Insofar as McGinnis is asserting claims regarding his security classification, treatment by

NDSP staff, and/or conditions of confinement at the NDSP, he is not entitled to relief in the context of this action.  See Nelson v. Campbell, 541 U.S. 637, 643 (2004); Hill v. McDonough, 547 U.S. 573, 579 (2006).  Condition of confinement claims must be brought pursuant to some other procedure, such as a civil rights action pursuant to 42 U.S.C. § 1983.  See Nelson, 541 U.S. at 643 ("[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core and may be brought pursuant to § 1983 in the first instance."); Davis v. Fisher, No. 13-CV-1024 PJS/SER, 2013 WL 3974520, at *1 (D. Minn. Aug. 1, 2013) (challenges to conditions of confinement must be brought through a traditional civil rights action and not through a habeas petition); see e.g., Lopez v. Wetzel, No. CIV.A. 12-96, 2012 WL 345215, at *2 (W.D. Pa. Feb. 1, 2012) ("[W]hen the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, [a civil rights] action under § 1983 [or Bivens] is appropriate." (alternations in original) (quoting Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002)); cf. Stanko v. Quay, 356 Fed. App'x 208, 208–10 (10th Cir. 2009) (challenge to security designation was a conditions-of-confinement claim that must be brought through a traditional civil-rights action, not a § 2241 petition). These claims should therefore be dismissed.

Moving on, McGinnis's response to the order to show cause, supplemental response, and "supplemental affidavit" do not provide any clarification with respect to the second, third, and fourth grounds for relief asserted by McGinnis in his petition. These grounds remain indecipherable and should therefore be dismissed.

What McGinnis styles as his first ground for relief appears to be two distinct claims:  (1) denial of Brady materials; and (2) ineffective assistance of counsel.   Yes, McGinnis also made

assertions regarding prosecutorial misconduct, malicious prosecution, perjury, and abuse of judicial discretion.  However, it is apparent after sifting through of all of his submissions that these assertions are intertwined with his <u>Brady</u> claims to such an extent they are inseparable.  For example, the perjury alleged by McGinnis is the probation officer's testimony that there was no ESI. The abuse of discretion alleged by McGinnis was the weight given by state district court to the probation officer's testimony. Consequently, to the undersigned's eyes, these assertions do constitute the bases for separate claims or grounds for relief.

Having now sifted through McGinnis's submissions, the undersigned finds that he has failed to satisfy the requirements of Rule 2(c) with respect to his <u>Brady</u> claim.  Rule 2(c) requires that the petition "specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge" and that the petition "set forth in summary form the facts supporting each of the grounds thus specified."  28 U.S.C. § 2254, Rule 2(c) of the Rules Governing § 2254 Cases; Advisory Committee Note to Rule 4 of the Rules Governing Section 2254 Cases ("'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'"); <u>see also</u> <u>Mayle v. Felix</u>, 545 U.S. 644, 655 (2005) (describing the rules governing pleading for Section 2254 habeas petitions as "more demanding" than the notice pleading allowed under Fed. R .Civ .P. 8); <u>McFarland v. Scott</u>, 512 U.S. 849, 856 (1994) ("Habeas corpus petitions must meet heightened pleading requirements . . . ."); <u>Adams v. Armontrout</u>, 897 F.2d 332, 334 (8th Cir. 1990) (holding that substantial compliance with Rule (c) requires the petitioner to "state specific, particularized facts which entitle him or her to habeas corpus relief for each ground specified").  Although McGinnis has submitted a lot, he has said very little of substance that the undersigned can discern.

8

In his various submissions, McGinnis repeatedly asserts that he was denied ESI.  As best as the undersigned can tell from McGinnis's submissions, the ESI that he believes the prosecution wrongfully withheld from him consisted of data unlawfully obtained from his IPhone and other unlawful electronic surveillance of him.

> I Phone data was hacked, illegal obtained Plaintiff is recorded on transcripts is this ESI they say doesn't exist, objecting that probation officer lied they didn't hack phone.  Plaintiff spoke to each and every appointed attorney specifically to this illegal obtaining of ESI of I phone data.  (This included Tyler Henerys perjured testimonies of being "kicked out" out of drug treatment centers in his hate motivated retaliation because plaintiff had his medicade [illegible] for local drug treatment centers [illegible] not his "dictated" choices of Thompkens in Jamestown) . . . The eSI includes various other private, confident, privileged residences, hotels of this illegal surveillance.

(Doc. No. 10 at pp. 3-4)  (errors in original).

The undersigned cannot discern from all that McGinnis submitted exactly how or why McGinnis believes the ESI allegedly withheld by the prosecution was exculpatory (or why he could not otherwise access data from his own IPhone).   To make matters more confusing, McGinnis makes repeated references in his various submissions to ESI he claims was denied him by the state hospital and the NDDOCR.  It is not clear if this ESI is different from that which was allegedly withheld from him by the prosecution. On top of this, large portions of McGinnis's submissions are simply illegible.

In regards to his claim of ineffective assistance of counsel, McGinnis tried to elaborate on the basis for it in his response and supplemental affidavit.  Regrettably, the additional information that he has supplied is of little help. As best as the undersigned can discern, the basis for McGinnis's claim for ineffective assistance is counsel's failure to file motions as requested.  However, McGinnis does not identify which of his attorneys failed to file his proposed motions, does not elaborate on

the subject matter or basis for his proposed motions, and does not make it clear when he wanted the motions to be filed (during the course of his initial proceedings that culminated in his convictions or during the course of his revocation proceedings).

In sum, McGinnis has failed to provide any meaningful factual support for his grounds for relief.  It is not incumbent on Respondent or the Court to hunt through the record of McGinnis's state court proceedings for facts that could arguably form the basis for his claims and, in so doing, make a case for him.  See Adams, 897 F.2d 332, 333-34 ("We do not believe that 28 U.S.C. § 2254 or the Section 2254 Rules require the federal courts to review the entire state court record of habeas corpus petitioners to ascertain whether facts exist which support relief. Requiring such an exhaustive factual review of entire state court records would pose an insuperable burden on already strained judicial resources. We join the numerous federal courts which have repeatedly expressed their unwillingness to sift through voluminous documents filed by habeas corpus petitioners in order to divine the grounds or facts which allegedly warrant relief.").

## III.   CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may only issue if the applicant has made a substantial showing of the denial of a constitutional right.  When the court has rejected a petitioner's claim on the merits, the substantial showing required is that the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)); see also United States  v. Lambros, 404 F.3d 1034, 1036 -1037 (8th Circ. 2005); Garret v. United States, 211 F.3d 1075, 1076 -1077 (8th Cir. 2000).  When a court denies a petitioner's claim on procedural grounds without reaching the merits, the petitioner

must demonstrate that reasonable jurists would find it debatable that a valid claim for the denial of constitutional rights has been stated and that court was incorrect in its procedural ruling.  Slack, 529 U.S. at 484.

Based on the authority cited in this report and the state of record, it is clear that McGinnis has not met his burden with respect to the issuance of a certificate of appealability.  Reasonable jurists would not debate over the correctness of this Court's dismissal of McGinnis' habeas petition for failure to comply with the Rules Governing § 2254 Cases.

## IV.    CONCLUSION AND RECOMMENDATION

I **RECOMMEND** that McGinnis's habeas petition (Doc. No. 2) be **DISMISSED** without prejudice pursuant to Rule 4 of the Rules Governing § 2254 Cases.  I further **RECOMMEND** that no certificate of appealability be issued to McGinnis.

### NOTICE OF RIGHT TO FILE OBJECTIONS

McGinnis shall have until May 8, 2023, to file any objections to this recommendation. D.N.D. Civ.  L.R. 72.1(D)(3).  Failure to file appropriate objections may result in the recommended action being taken without further notice or opportunity to respond.

**IT IS SO ORDERED.**

Dated this 20th day of April, 2023.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court

11